

May 31, 2019

Records Officers for:
    Community Board 9
    Office of New York City Councilwoman Laurie Cumbo
    Medgar Evers College

By Electronic Submission and Email.

    Re:    Freedom of Information Law Request - Sakia Fletcher

Dear All,

    I make this request pursuant to the New York State Freedom of Information Law ("FOIL"), Article 6, Sections 84-90 of the Public Officers Law, and its implementing regulations, Chapter 21 of the New York Code of Rules and Regulations ("NYCRR") Part 1401, as well as the Uniform Rules and Regulations for All City Agencies Pertaining to the Administration of the Freedom of Information Law, Title 43, Rules of the City of New York ("RCNY"), Chapter 1 (the "Uniform Rules") on behalf of Sakia Fletcher.

    The requesters seek disclosure of records regarding: the complaint leading to, communications regarding, any requests for, and any other record concerning, Ms. Fletcher's emergency suspension from Medgar Evers College and subsequent disciplinary proceedings. These records include **any** communications that mention Sakia Fletcher, in any form, between any two or more of:

- Medgar Evers College President Rudolph Crew;
- New York City Councilwoman Laurie Cumbo;
- Medgar Evers College Dean Alexis McLean;
- Medgar Evers College Chief Legal Officer Jonathan P. Hardaway;
- Any member or representative of Community Board 9;
- Medgar Evers College Associate/Assistant Dean Adams;

Requester also seeks any other records described below.[1]

    Please respond to this request by e-mail. Please provide electronic versions of responsive documents. Please treat each individual request contained herein as severable from the others and

---

[1] The records sought are reasonably described here, with the context provided by the FACTUAL BACKGROUND section. If you disagree and find that the records requested are not reasonably described, please contact me as soon as possible to being the process of assisting me in identifying the requested records and, if necessary, in reformulating the request "in a manner that will enable the agency to identify the records sought."



provide responsive records on a rolling basis. Please notify me in advance if any associated fees are expected to exceed $100.

## FACTUAL BACKGROUND

Sakia Fletcher is a well-liked and a respected member of the Medgar Evers community and the Student Government Association's president-elect.  On April 30, 2019, Ms. Fletcher attended a characteristically contentious meeting of Community Board 9.  At that meeting, Ms. Fletcher was engaged in political speech critical of Community Board 9 and New York City Councilwoman Laurie Cumbo (who was in attendance).  At the request of members of Community Board 9, Ms. Fletcher was asked to leave, agreed to, and was escorted from the public meeting by campus safety officers.  Other protesters (and Councilwoman Cumbo) refused to leave when asked, and they faced neither removal nor discipline.

On May 1, 2019, the day after the meeting, Ms. Fletcher was apparently suspended personally by Dr. Crew, the Medgar Evers College's (the "College") president, without any process and in the middle of final exams.  To procedurally impose this suspension, Dr. Crew apparently determined that, by engaging in purely verbal protest at a public government meeting:

1. Ms. Fletcher's words posed an emergency/extraordinary circumstance and further constituted "conduct which impedes, obstructs, impairs or interferes with the orderly and continuous administration and operation of any college, school, or unit of the university in the use of its facilities or in the achievement of its purposes as an educational institution;" and

2. Above and beyond being an ordinary emergency or extraordinary circumstance, Ms. Fletcher's very continued "presence on campus poses a continuing danger to person or property or an ongoing threat of disrupting the academic process."

See CUNY Bylaws, Article XV(j).

On May 3, 2019, for the first time, Ms. Fletcher received notice of the charges the College leveled against her.  Ms. Fletcher underwent a disciplinary process where the College continuously refused to disclose the identity of the complainant who initiated the disciplinary process or provide the underlying complaint in any form.

On May 20, 2019, in a hearing the Faculty-Student Disciplinary Committee dismissed all charges against Ms. Fletcher, on a motion pursuant to CUNY Bylaws Article XV(q)(3) ("At the conclusion of the college's case, the respondent may move to dismiss the charges.  If the motion is denied by the committee, the respondent shall be given an opportunity to present her or his defense.").  During the College's case, its only witnesses were two campus security officers, both of whom testified that they had not provided any reports of any kind to the college and had not communicated with the College in any form regarding the events of April 30, 2019.  For its own

COHEN&GREEN

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



part, at the hearing the College claimed that "the College" was the complainant initiating the process, and refused to clarify what that meant.

Ms. Fletcher is, both as a matter of fundamental due process and as a matter of New York Freedom of Information law, entitled to know how the proceeding against her was commenced, and at whose behest.

I look forward to your first response to this request within five business days.

Should you deny any portion of this request based on a determination that you are legally exempt from the disclosure requirement with respect to a particular document, please provide me with a written explanation specifically citing the Public Officers Law § 87(2) category into which you allege that each document allegedly exempt from disclosure falls.
Please articulate particularized and specific justifications for withholding any documents from disclosure.

Additionally, please provide me with the name, email address, mailing address, and facsimile number of the person or body to whom I should direct an administrative appeal of any such potential denial.

Thank you for your prompt attention to this matter.

Yours, &c.,

/s/
_____
J. Remy Green, Esq.
Cohen&Green P.L.L.C.
*Attorneys for Sakia Fletcher*
1639 Centre St., Suite 216
Ridgewood, New York 11385

COHEN&GREEN

Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t: (929) 888.9480 · f: (929) 888.9457 · FemmeLaw.com

 

Medgar Evers College of the
City University of New York
Office of the President
1650 Bedford Avenue
Suite B3009
Brooklyn, NY 11225
Office Telephone: (718) 270-5002
Cellular: (917) 733-6036
Facsimile: (718) 270-5126

September 5, 2019

**_VIA CERTIFIED MAIL_**
J. Remy Green, Esq.
Cohen & Green, P.L.L.C.
1639 Centre Street, Suite 216
Ridgewood, NY 11385

Dear attorney J. Remy Green,

    I am responding to your Friday, May 31, 2019 request made pursuant to New York Freedom of Information Law, Article 6 of the Public Officers Law (FOIL). Your FOIL request seeks the following:

> The requesters seek disclosure of records regarding: the complaint leading to, communications regarding, any requests for, and any other record concerning, Ms. Fletcher's emergency suspension from Medgar Evers College and subsequent disciplinary proceedings. These records include any communications that mention Sakia Fletcher, in any form, between any two or more of:
>
> - Medgar Evers College President Rudolph Crew;
> - New York City Councilwoman Laurie Cumbo;
> - Medgar Evers College Dean Alexis McLean;
> - Medgar Evers College Chief Legal Officer Jonathan P. Hardaway;
> - Any member or representative of Community Board 9;

COURAGE. **STRENGTH.** FORTITUDE.

Letter to J. Remy Green, Esq.
September 5, 2019
Page 2 of 2

- Medgar Evers College Associate/ Assistant Dean Adams;

Medgar Evers College is denying your request pursuant to New York Consolidated Laws, Public Officers Law - PBO § 87.2(g) because the above requested records are inter-agency or inter-agency materials.

If you disagree with this determination, you may appeal it with General Counsel and Vice Chancellor for Legal Affairs, The City University of New York, 535 East 80th Street, New York, New York 10075 (http://www.cuny.edu/about/administration/offices/la/Procedures-for-Public-Access-to-Records.pdf).

Sincerely,

Johnathon P. Hardaway III, Esq.
Chief Legal Officer

# COHEN&GREEN

September 16, 2019

General Counsel and Vice Chancellor for Legal Affairs,
535 East 80th Street
New York, New York 10075

By Electronic Mail

    Re:    **FOIL Request re: Medgar Evers College**

Dear Colleagues:

    I hereby appeal the denial of access regarding my request, which was made on May 31, 2019 and sent to Jonathan Hardaway as the Medgar Evers College records officer for the purpose of receiving FOIL requests (the "Request"). A copy of the initial request is enclosed herewith. Familiarity with the underlying facts, as set out in the Request, is presumed.

    The Request was denied by a letter from Medgar Evers College's FOIL Officer, dated September 5, 2019, which is additionally enclosed herewith. The sole basis and rationale that letter provides for the denial of the FOIL request is:

> "Medgar Evers College is denying your request pursuant to [FOIL] § 87.2(g) because the above records are inter-agency or inter-agency materials."

Letter at 2 (repetition in original).

    We hereby appeal two unreasonable determination. First, we appeal the substantive denial, as discussed below. Second, we appeal Attorney Hardaway's continued refusal to provide records in electronic form (see attached "Hardaway Email").

    We additionally note that, should this come to litigation, the facially unreasonable approach Attorney Hardaway has taken here will virtually guarantee our recovery of attorneys' fees. *Matter of Jaronczyk v Mangano*, 121 A.D.3d 995, 996 N.Y.S.2d 291 (N.Y. App. Div. 2d Dep't 2014) (attorneys' fees awarded where respondent failed to proffer more than conclusory assertions supporting its claims for redaction of the signatures of the captains who approved overtime requests and failed to show that the information was exempt).

## DISCUSSION

### I. No Inter-Agency Deliberation Exists to be Protected and this Denial is in Facially Bad Faith.

    This compete denial comes after several extensions, as well as a request for (and provision of) a waiver form. As is clear from the course of dealing here, this denial is in plain bad faith and



likely grows out the conflict of interest that is Attorney Hardaway's participation in the underlying conduct the FOIL request seeks to investigate. Apparently, rather than gathering and actually reviewing records as was implied in the prior extensions and appeal denials, Attorney Hardaway simply denied the entire request in the end.

The rationale for denial provided does not remotely justify denial of any records, let alone complete denial of all records requested.[1] It is not clear what possible inter-agency (e.g., between Medgar Evers College and Councilwoman Cumbo's office) deliberative process is being protected here. That exception protects "opinions, ideas, or advice exchanged as part of the consultative or deliberative process of government decision" and there is no deliberative process or government decision at all here. *Lee Enters., Inc. v City of Glens Falls*, 53 Misc 3d 1217[A], 2016 NY Slip Op 51709[U], *2 (Sup Ct, Warren County 2016).

### A. Disciplinary records are not exempt from FOIL Disclosure.

Courts have consistently held that "[d]isciplinary files containing disciplinary charges, the agency determination of those charges, and the penalties imposed, however, are not exempt from disclosure under FOIL." *Obiajulu v City of Rochester*, 213 AD2d 1055, 1056 (4th Dept 1995). *See also Buffalo News v Buffalo Mun. Hous. Auth.*, 163 AD2d 830, 832 (4th Dept 1990); *NY 1 News v Off. of the President*, 231 AD2d 524, 525 (2d Dept 1996); *and Powhida v Albany*, 147 AD2d 236, 238 (3d Dept 1989). The Request asked for "the complaint leading to … and any other record concerning, Ms. Fletcher's emergency suspension from Medgar Evers College and subsequent disciplinary proceedings," which plainly includes the "[d]isciplinary files containing disciplinary charges, the agency determination of those charges, and the penalties imposed." *Lee Enters., Inc., supra. Cf. also, Matter of Patrolmen's Benevolent Assn. of the City of NY v De Blasio*, 171 AD3d 636, 637-638 (1st Dept 2019) (no FOIL exemption applies to police body camera footage).

Notwithstanding clear law that disciplinary files must be disclosed, those records have been withheld. These records, including *especially* the initial complaint leading to disciplinary process, must be disclosed.

### B. The Inter-Agency communications at issue are in part, if not in whole, <u>not</u> exempt from disclosure.

All FOIL exemptions are "qualified and must be balanced with the substantial need for the information sought." *Colgate Scaffolding & Equip. Corp. v York Hunter City Servs.*, 14 AD3d 345, 346 (1st Dept 2005); *Butler v City of NY*, 15 Misc 3d 1134[A], 1134A, 2007 NY Slip Op 50974[U], *8 (Sup Ct, Kings County 2007). Moreover, courts have routinely rejected assertions of exemption where

---

[1] We also provide herewith selected records that have already been produced in a separate FOIL request to the office of Councilwoman Laurie Cumbo, to illustrate ("Cumbo Records"), as well as a cover letter from an appeal of that request, concluding that — where certain communications between the Councilwoman's office and Medgar Evers College (including Johnathon Hardaway as a recipient) had been produced in over-redacted form — "I have concluded that some of the previously redacted information may be provided to you" and was not covered by FOIL § 87.2(g).

   Page 2 of 5

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



"the agency's assertion of th[e exemptive] ground was merely conclusory, with no attempt to specify, with particularity, the basis for its refusal to comply with the request." *Katz v Scott*, 236 AD2d 259, 259 (1st Dept 1997). This basis alone is enough to reverse Attorney Hardaway's determination.

However, further analysis is warranted. Within the inter-agency exemption, few (if any) communications between Medgar Evers College and Councilwoman Cumbo's office would fit within the exemption. That is because "instructions to staff that affect the public" and "final agency policy or determinations" are categorically required not exempt from disclosure. *See* FOIL § 87(g)(ii); (iii). Thus, as noted below, *any* instructions to staff regarding implementing Councilwoman Cumbo's directives (*see* Cumbo Records at 1-2), including the directive that the "Majority Leader would like this hearing to be to 'closed' to the public," would not be protected by FOIL.

Similarly, "[f]actual observations are not exempt from disclosure, even in documents issued before final decision." *NY 1 News v Off. of the President*, 231 AD2d 524, 525 (2d Dept 1996). Thus, even relying on the inter-agency exemption, the portions of any communications that did not consist of legitimate deliberation would need to be produced. *See generally*, Cumbo Records. Thus, any records discussing the *facts* of what happened on April 30, 2019 would need to be produced.

Finally, for the inter-agency exemption to apply, both agencies have to legitimately be involved in the matter being deliberated. That is, since the records sought are entirely limited to records concerning Ms. Fletcher's disciplinary process at Medgar Evers, Attorney Hardaway seems to be asserting that Councilwoman Cumbo played a legitimate, deliberative role in Medgar Evers College's deliberation on how to punish Sakia Fletcher for protesting at a Community Board meeting. *See Matter of Tuck-It-Away Assoc., L.P. v Empire State Dev. Corp.*, 54 AD3d 154, 163 (1st Dept 2008) ("Communications lose their exemption if there is reason to believe that the consultant is communicating with the agency in its own interest or on behalf of another client whose interests might be affected by the agency action addressed by the consultant."). As in *Tuck-It-Away*, Councilwoman Cumbo was plainly not acting as part of a city agency, but in her furtherance of her own personal or political interests.

Indeed, this basis was implicitly acknowledged by the FOIL Appeals Officer making the determination for similar FOIL records requested from Councilwoman Cumbo's office. *See e.g.*, Cover Letter at 2-3 (reversing determination that certain records, including Councilwoman Cumbo's request to have the hearing be "closed," were covered by the inter-agency exemption). To that end, any assertion now that the Councilwoman's personal demand that Ms. Fletcher be suspended was part of the "deliberative process of government decision" may open the entire city government up to liability, and is an assertion that should be made very carefully.

Specifically, the lack of legitimate deliberative privilege is made particularly clear by one email produced with the Cumbo Records. In the disciplinary process in this matter, Dean Alexis McLean seemingly unilaterally determined that the hearing would be a "closed hearing," despite Ms. Fletcher's request for an open hearing as provided by the CUNY Bylaws. At the hearing itself, the Committee's chairperson was shocked to discover this fact, and asked the college if it had any explanation (its representative, Kevin Adams — perhaps for obvious reasons — did not have any

COHEN&GREEN

Page 3 of 5

Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t : (929) 888.9480 · f : (929) 888.9457 · FemmeLaw.com



explanation). In the Cumbo Records, it has now come to light that the request came from Councilwoman Cumbo's office:

> "Please share with your colleagues and senior leadership that the Majority Leader would like this hearing to be to 'closed' to the public, and she would appreciate only the essential participants to be part of the hearing."

Cumbo Records at 2. This email was directed to Dean Alexis McLean and copied to Johnathon Hardaway. There is no possible legitimate government process that is furthered by this piece of "deliberation."[2]

### C. The Denial provides no justification for denial of the disclosure of internal Medgar Evers correspondence.

Finally, the request *also* sought internal Medgar Evers correspondence (for example, between Hardaway and McLean), which the proffered justification ("inter-agency or inter-agency materials") provides no basis for withholding. Medgar Evers College is one agency for FOIL purposes, so no *inter*-agency privilege exists. Moreover, it is clear from (among other things) the Cumbo Records that there exist a number of internal communications regarding, *inter alia*, implementing the Councilwoman's various requests. See e.g., Cumbo Records at 1-2 (Cumbo's office asking Dean McLean to "Please share [a request] with your colleagues and senior leadership…"; Dean McLean's office responding "we are still working diligently on our end"). Nothing in such records is protected by an inter-agency privilege.

As also noted above, obviously all "instructions to staff" regarding what to do in the disciplinary process imposed on Ms. Fletcher — which obviously "affect[ed] Ms. Fletcher, a member of the public — must be disclosed. At a bare minimum, one such instruction, from Dr. Rudolph Crews to Dean Alexis McLean *must* exist, as Medgar Evers College imposed a suspension that requires a finding, *by* Dr. Crews, that Ms. Fletcher's very continued "presence on campus poses a continuing danger to person or property or an ongoing threat of disrupting the academic process." See CUNY Bylaws, Article XV(j); Request at 2. This finding plainly also must be disclosed as a "final agency policy or determination[]." FOIL § 87(g)(iii).

### II. Attorney Hardaway May Not Legitimately Refuse to Provide Electronic Records.

FOIL § 87(5)(a) provides:

> "An agency **shall** provide records on the medium requested by a person, if the agency can reasonably make such copy or have such copy made by engaging an outside professional service."

---

[2] While we already have these records, there is independent value in receiving copies from CUNY itself, confirming that the records are authentic. Moreover, information regarding CUNY's reaction to and implementation of this request is also of vital importance to Ms. Fletcher.



Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t: (929) 888.9480 · f: (929) 888.9457 · FemmeLaw.com



The Request stated: "Please respond to this request by e-mail. Please provide electronic versions of responsive documents." Request at 1. In subsequent communications, we have repeatedly reiterated this request to Attorney Hardaway. Notwithstanding that, he has taken the position that "it is not reasonable to send an email asking for a[n] email after the College has sent certified mail mail [sic]. This will be the last time you receive email from me related to FOIL request." September 16, 2019 Email. This position is both unreasonable and incompatible with the mandates of FOIL. To that end, we note that simply providing all correspondence electronically — as we have repeatedly requested — would inarguably be *less* expensive for the College.

There is no reasonable or legitimate reason to refuse to provide electronic responses to FOIL requests and the law requires Medgar Evers to do so. This determination must be reversed.

## CONCLUSION

I look forward to your prompt and complete response to this appeal within ten business days — or by September 30, 2019 — as is required by FOIL § 89(4)(a).

If the records are denied on this appeal, please explain the reasons for the denial fully in writing as required by law. Please note that failure to determine this appeal by then "by granting access to the records sought or fully explaining the reasons for further denial in writing shall constitute a denial of the appeal" under 21 NYCRR § 1401.7(f); *see also* 21 NYCRR § 1401.5(e).

Any such denial would then potentially be subject to judicial review as early as September 30, 2019.

In addition, please be advised that the Freedom of Information Law directs that all appeals and the determinations that follow be sent to the Committee on Open Government, Department of State, 41 State Street, Albany, New York 12231.

Yours, &c.,

/s/
_____
J. Remy Green
Cohen&Green P.L.L.C.
*Attorneys for Sakia Fletcher*
1639 Centre St., Suite 216
Ridgewood, New York 11385

Enclosures.

cc:
Jonathan Wallace, co-counsel to Sakia Fletcher (*by email*)



Page 5 of 5

Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t : (929) 888.9480 · f : (929) 888.9457 · FemmeLaw.com



Office of the General Counsel & Sr. Vice Chancellor for Legal Affairs

205 East 42nd Street
New York, NY 10017
tel: 646-664-9235
fax: 646-664-2964
ogc@cuny.edu

October 1, 2019

**BY ELECTRONIC MAIL**

J. Remy Green, Esq.
Cohen & Green P.L.L.C.
1639 Centre Street, Ste. 216
Ridgewood, New York 11385
remy@femmelaw.com

RE:   **FOIL appeal**

Dear Counsel:

The Office of the General Counsel of The City University of New York ("CUNY") submits this letter in response to your e-mail received on September 16, 2019 at 5:49 p.m.[1] appealing Medgar Evers College's (the "College") September 5, 2019 denial of your request for records under the New York State Freedom of Information Law ("FOIL"), Public Officers Law § 84 et seq. You appealed the College's decision to withhold all responsive documents based on the FOIL exception in § 87(2)(g) for inter-agency or intra-agency materials. You also appeal the College's refusal to provide records in electronic form.

Based on this office's review of the documents that are responsive to your request that were provided to us by the College, we have determined that some of the documents previously withheld should be produced. We therefore grant your appeal in part and hereby produce the attached responsive documents. With respect to your appeal of the College's refusal to provide records in electronic form, that appeal is granted and the attached responsive documents are supplied in electronic form (PDF format).

**A.   Procedural Background**

The College received your initial FOIL request on Friday, May 31, 2019 in which you sought:

> [D]isclosure of records regarding: the complaint leading to, communications regarding, any requests for, and any other record concerning, Ms. Fletcher's emergency suspension from Medgar Evers College and subsequent disciplinary proceedings. These records

---

[1] Because the Office of the General Counsel received the email after business hours, for purposes of the time frame for providing a response, it is deemed to have been received on September 17, 2019.

include **any** communications that mention Sakia Fletcher, in any form, between any two or more of:

- Medgar Evers College President Rudolph Crew;
- New York City Councilwoman Laurie Cumbo;
- Medgar Evers College Dean Alexis McLean;
- Medgar Evers College Chief Legal Officer Jonathan P. Hardaway;
- Any member or representative of Community Board 9;
- Medgar Evers College Associate / Assistant Dean Adams.

On September 5, 2019, the College responded to your FOIL request by letter, denying your request pursuant to Public Officers Law § 87(2)(g) because it found that the requested records are inter-agency or intra-agency materials. On September 16, 2019, you appealed the College's decision by email to this office. As explained below, your appeal is granted in part and denied in part.[2]

### B. The Appeal is Granted in Part and Denied in Part

In your appeal, you argue that the College should not have withheld any records, because you do not think that the records could contain inter-agency deliberative materials. You further argue that even if the materials were inter or intra-agency materials, the College must produce portions of those documents that contain instructions to staff that affect the public, final agency policy or determinations, and factual materials. You further argue that communications between the College and Councilwoman Cumbo should not be considered inter-agency materials because, you contend, Councilwoman Cumbo was not acting on behalf of the City Council but in furtherance of her own personal or political interests. You also argue that disciplinary records are not exempt from disclosure under FOIL. Finally, you argue that the College must produce responsive records electronically as you have requested.

As stated above, this Office has reviewed the materials that the College has identified as responsive, and determined that some of the materials are not inter or intra-agency materials and may be produced to you in their entirety. These include, for example, documents that were received from and sent to third parties including Ms. Fletcher's attorneys, as well as a copy of portions of the CUNY Bylaws. In addition, documents relating to disciplinary proceedings against Ms. Fletcher, a student, would generally be exempt from disclosure under § 87(2)(a) because it is specifically exempted by a federal statute, the Family Educational Rights and Privacy Act ("FERPA"). However, they are being produced to you because Ms. Fletcher has submitted a FERPA release, except to the extent that they include intra-agency materials.

In addition, while other documents that were withheld constitute inter or intra-agency materials, such records or portions of them are being produced to the extent that they are

---

[2] Copies of your May 31, 2019 FOIL request, the September 5, 2019 response of Medgar Evers College and your FOIL appeal dated September 16, 2019 are attached collectively as Attachment 1.

comprised of statistical or factual tabulations or data, instructions to staff that affect the public, or final agency policy or determinations. Your appeal is granted with respect to these materials.

With respect to documents that contain intra and inter-agency materials that do not fall within any of the enumerated exceptions to that section and contain protected internal government consultations and deliberations (*See Matter of Gould v. New York City Police Dept.,* 87 NY.2d 267, 276 (N.Y. 1996)), these documents have been produced in redacted form or withheld in their entirety. These documents include correspondence between and among College employees, relating to preparation for the student disciplinary hearing. In addition, correspondence between the College's attorney and College employees, or portions of intra-agency records referencing the attorney's advice, is being withheld in its entirety based on the attorney-client privilege. In addition, the personal email address of one of the members of the City Council has also been redacted under § 87(2)(b) because if disclosed it would constitute an unwarranted invasion of personal privacy. Your appeal with respect to those documents is denied.

As stated above, the College has complied with your request to supply the documents in electronic form and they are provided in PDF form as an attachment to this email.

Sincerely,

Pamela Silverblatt, Esq.
Interim General Counsel and Senior
Vice Chancellor for Legal Affairs

Enclosure

c:  Kristin O'Neill, Esq., Committee on Open Government
    (by certified mail with enclosure)
    Johnathan Hardaway, Esq. (by e-mail with enclosure)



remy green <remy@femmelaw.com>

# FOIL Request

**remy@femmelaw.com** <remy@femmelaw.com>  Fri, Oct 11, 2019 at 3:59 PM
To: "Johnathon P. Hardaway" <JHardaway@mec.cuny.edu>
Cc: Joan Margiotta <Joan.Margiotta@cuny.edu>, CUNY General Counsel <ogc@cuny.edu>

Dear Records Officer:

Reference is made to the attached "Procedural History," consisting of a FOIL request, denial, appeal, and grant of that appeal. Capitalized terms not otherwise defined herein shall have the meanings assigned to them in the various documents in the Procedural History. Familiarity with the factual background of this matter, as well as with the diligent searches certified to in the attached "FOIL Certification 10.9.19," is presumed, based upon your personal participation in this matter as well as personal signature on the certification, certifying to having conducted the diligent search.

I make this request pursuant to the New York State Freedom of Information Law ("FOIL"), Article 6, Sections 84-90 of the Public Officers Law, and its implementing regulations, Chapter 21 of the New York Code of Rules and Regulations ("NYCRR") Part 1401, as well as the Uniform Rules and Regulations for All City Agencies Pertaining to the Administration of the Freedom of Information Law, Title 43, Rules of the City of New York ("RCNY"), Chapter 1 (the "Uniform Rules") on behalf of Sakia Fletcher.

The requesters now specifically seek disclosure of the following records. It is the requester's permission that these records were all previously requested in the May 31, 2019 FOIL request. However, to the extent you believe you must conduct an additional search to determine whether records matching these descriptions exist, that search is hereby requested.

1. Records of all "evidence" "received" by Dean McLean on May 1, 2019 regarding Ms. Fletcher, as sworn to in the attached Affidavit.
2. Records reflecting *any* determination by Dr. Crews that Ms. Fletcher's "presence poses a continuing danger to person or property or an ongoing threat of disrupting the academic process."
3. Records reflecting any delegation of authority under CUNY Bylaw XV(j) by Dr. Crews to any other person.
4. Records reflecting the decision to — or facts underlying the decision to* — commence a disciplinary proceeding against Ms. Fletcher prior to the attached email of May 1, 2019 at 5:02 p.m.
5. The record or complaint that *began* the disciplinary process against Ms. Fletcher and the records that reflect when the College first heard about the protest at the Community Board meeting. (This may or may not be co-extensive with item 1).

**Please respond to this request by e-mail**. As you have previously refused to respond to requests by email, please take careful note of the holding on page 1 of the FOIL Appeal letter from the CUNY General Counsel, dated October 1, 2019 (page 11 of the combined Procedural History pdf): "With respect to your appeal of the College's refusal to provide records in electronic form, that appeal is granted and the attached responsive documents are supplied in electronic form (PDF format)." Please provide electronic versions of responsive documents. Given this history, we will consider failure to respond by email a constructive denial.

Please treat each individual request contained herein as severable from the others and provide responsive records on a rolling basis. Please notify me in advance if any associated fees are expected to exceed $100.

I look forward to your first response to this request **within five business days**.

Since you have already certified that you have conducted a diligent search for the named records above, but merely refused to certify as to the specific records that were conspicuously absent from your production (e.g., the five categories of record requested and described above), it is our position that **no extension or delay** in generating the certification that you do not have, or cannot find these specific records after a diligent search (as required by FOIL § 89(3)(a)) would be reasonable. **Therefore, we also request that you certify that MEC "does not have possession of such record or that such record cannot be found after diligent search" as to each of the five categories enumerate on or before October 18, 2019 (e.g., within five business days).**

We will otherwise consider this request constructively denied and promptly appeal it.

Should you deny any portion of this request based on a determination that you are legally exempt from the disclosure requirement with respect to a particular document, please provide me with a written explanation specifically citing the Public Officers Law § 87(2) category into which you allege that each document allegedly exempt from disclosure falls. Please articulate particularized and specific justifications for withholding any documents from disclosure. Additionally, please provide me with the name, email address, mailing address, and facsimile number of the person or body to whom I should direct an administrative appeal of any such potential denial, to the extent such person or body is not the CUNY General Counsel's office, copied on this request.

Thank you for your prompt attention to this matter.

Sincerely,

Remy Green

_____

J. REMY GREEN
PARTNER
| COHEN&GREEN P.L.L.C. | #FEMMELAW |
| (929) 888.9480 (P) | (929) 888.9457 (F) |
| HONORIFIC / PRONOUNS: MX. / THEY, THEIR, THEM |



---

**3 attachments**



📄 **FOIL Certification 10.9.19.pdf**
25K

📄 **Procedural History.pdf**
1811K

📄 **McLean Affidavit.pdf**

785K

# CERTIFICATION PURSUANT TO THE NEW YORK STATE FREEDOM OF INFORMATION LAW

**I hereby certify as follows:**

Medgar Evers College conducted a diligent search and provided all records responsive to the below request to the Office of the General Counsel, which produced such documents to you on October 2, 2019. There are no additional documents responsive to the below request.

**Request:**

[D]isclosure of records regarding: the complaint leading to, communications regarding, any requests for, and any other record concerning, Ms. Fletcher's emergency suspension from Medgar Evers College and subsequent disciplinary proceedings. These records include **any** communications that mention Sakia Fletcher, in any form, between any two or more of:

- Medgar Evers College President Rudolph Crew;
- New York City Councilwoman Laurie Cumbo;
- Medgar Evers College Dean Alexis McLean;
- Medgar Evers College Chief Legal Officer Jonathan P. Hardaway;
- Any member or representative of Community Board 9;
- Medgar Evers College Associate / Assistant Dean Adams.

*Jonathan Hardaway*

*[signature]*

(Johnathan Hardaway
Title, including records officer)
Chief Legal Officer / Executive Counsel / Records Access officer

10/9/19
Date