**Gmail**                                    remy green <remy@femmelaw.com>

## FOIL Appeal Decision--*Letter*-(Part 1 of 3 emails)

**remy@femmelaw.com** <remy@femmelaw.com>                 Fri, Oct 11, 2019 at 11:23 AM
To: Joan Margiotta <Joan.Margiotta@cuny.edu>
Cc: CUNY General Counsel <ogc@cuny.edu>

Joan,

This is not adequate and your message seems to concede you know that.

First of all, that is *not* my full request.  There is much more in the body of the request and the description of records requested in this certification is incomplete.  Each of these records is thoroughly described in the body of my initial request.

Second and more importantly as a practical matter, to the extent Hardaway's bizarre interpretation is correct, the difference here is simply a matter of wasting everyone's time.  I can easily — and I will — submit another request using exactly the text I have asked to be certified.  Obviously, since the relevant search has already been conducted, it would be unreasonable to delay a new response even a single day, and I will file appeals for constructive denial at regular, short intervals on that basis, starting from the initial five day deadline.  The only thing this does is creates more work for *you*.

Please have Mr. Hardaway prepare a certification that actually complies with the FOIL, certifying that these specific records cannot be found after a diligent search.  I will be submitting the new FOIL request before the close of business today unless I hear from you (meaning you will receive my first appeal next Friday).

Best,

Remy.

_____

J. Remy Green
*Partner*
| Cohen&Green P.L.L.C. | #FemmeLaw |
| (929) 888.9480 (p) | (929) 888.9457 (f) |
| Honorific / pronouns: Mx. / they, their, them |



**From:** Joan Margiotta <Joan.Margiotta@cuny.edu>
**Sent:** Thursday, October 10, 2019 4:44 PM
**To:** 'remy@femmelaw.com' <remy@femmelaw.com>
**Subject:** RE: FOIL Appeal Decision--*Letter*-(Part 1 of 3 emails)


Dear Remy,

Please find attached what CUNY understands to be the appropriate certification required under FOIL.

Best,

Joan


**From:** remy@femmelaw.com <remy@femmelaw.com>
**Sent:** Wednesday, October 9, 2019 1:23 PM
**To:** Joan Margiotta <Joan.Margiotta@cuny.edu>; CUNY General Counsel <ogc@cuny.edu>
**Subject:** RE: FOIL Appeal Decision--*Letter*-(Part 1 of 3 emails)


Dear Joan,


Following up on this request, just to make sure you received it. Please let me know your position on this if you have one, or otherwise when I can expect a response.


All best,


Remy.


——————

J. REMY GREEN
PARTNER

| Cohen&Green P.L.L.C. | #FemmeLaw |
| (929) 888.9480 (p) | (929) 888.9457 (f) |
| Honorific / pronouns: Mx. / they, their, them |



**From:** remy@femmelaw.com <remy@femmelaw.com>
**Sent:** Friday, October 4, 2019 5:17 PM
**To:** 'Joan Margiotta' <Joan.Margiotta@cuny.edu>; 'CUNY General Counsel' <ogc@cuny.edu>
**Subject:** RE: FOIL Appeal Decision--*Letter*-(Part 1 of 3 emails)


Joan,


Understood and appreciated.


In that case, I will ask that a College representative please "certify that [CUNY/MEC] does not have possession of such record" and that the College has conducted a "diligent search" for (FOIL § 89(3)(a)) the following records:

1. Records of "evidence" "received" by Dean McLean on May 1, 2019 regarding Ms. Fletcher, as sworn to in the attached Affidavit.
2. Records reflecting *any* determination by Dr. Crews that Ms. Fletcher's "presence poses a continuing danger to person or property or an ongoing threat of disrupting the academic process."
3. Records reflecting any delegation of authority under CUNY Bylaw XV(j) by Dr. Crews to any other person.
4. Records reflecting the decision to — or facts underlying the decision to* — commence a disciplinary proceeding against Ms. Fletcher prior to the attached email of May 1, 2019 at 5:02 p.m.
5. The record or complaint that *began* the disciplinary process against Ms. Fletcher and the records that reflect when the College first heard about the protest at the Community Board meeting.  (This may or may not be co-extensive with item 1).


I think that once we have the required certification confirming that these records do not exist and that a diligent search was conducted, we can be done here.


Thank you again.  I hope you have a lovely weekend.


All best,


Remy.

*I include this caveat because even if you claim that such a record is somehow exempt from FOIL disclosure, to the extent it merely reflects an account of what took place the day of the Community Board meeting, it still must be disclosed in part. *NY 1 News v Off. of the President*, 231 AD2d 524, 525 (2d Dept 1996) ("[f]actual observations are not exempt from disclosure, even in documents issued before final decision.").

_____

J. REMY GREEN
*PARTNER*
| COHEN&GREEN P.L.L.C. | #FEMMELAW |
| (929) 888.9480 (P) | (929) 888.9457 (F) |
| HONORIFIC / PRONOUNS: MX. / THEY, THEIR, THEM |



**From:** Joan Margiotta <Joan.Margiotta@cuny.edu>
**Sent:** Friday, October 4, 2019 9:14 AM
**To:** 'remy@femmelaw.com' <remy@femmelaw.com>; CUNY General Counsel <ogc@cuny.edu>
**Subject:** RE: FOIL Appeal Decision--*Letter*-(Part 1 of 3 emails)


Dear Remy,

I am writing to confirm that we were in close contact with the College late yesterday, and the College states that it has no more documents to produce that are responsive to the FOIL request.

Best,

Joan


**From:** remy@femmelaw.com <remy@femmelaw.com>
**Sent:** Thursday, October 3, 2019 5:42 PM
**To:** Joan Margiotta <Joan.Margiotta@cuny.edu>; CUNY General Counsel <ogc@cuny.edu>
**Subject:** RE: FOIL Appeal Decision--*Letter*-(Part 1 of 3 emails)


Joan,

That statement is either (1) obviously not true or (2) involves Dean McLean admitting to having committed perjury in the attached affidavit. She affirms that she "received evidence" on May 1, 2019. Neither that evidence nor any transmission thereof has been produced.

Similarly, you seem to be asserting that this emergency suspension sprung Athena-like, fully formed from Dean McLean on May 1, 2019 when she sent it to Sakia Fletcher. This, as I explained below, is a plain violation of the CUNY Bylaws, and once again I want to make clear that you are **confirming an illegal violation of the Bylaws took place** by asserting no communications involving President Crews exist (and no designation of any other person to make such determinations exists).

I want to ask one more time for you to please press on these questions a little harder, with some consciousness that the College is in CYA mode.

Again, I appreciate all you are doing on this, and your courtesy and professionalism here have been incredibly appreciated.

Best,

Remy.

———————

J. REMY GREEN
*PARTNER*
| COHEN&GREEN P.L.L.C. | #FEMMELAW |
| (929) 888.9480 (P) | (929) 888.9457 (F) |
| HONORIFIC / PRONOUNS: MX. / THEY, THEIR, THEM |



**From:** Joan Margiotta <Joan.Margiotta@cuny.edu>
**Sent:** Thursday, October 3, 2019 5:26 PM

**To:** 'remy@femmelaw.com' <remy@femmelaw.com>; CUNY General Counsel <ogc@cuny.edu>
**Subject:** RE: FOIL Appeal Decision--*Letter*-(Part 1 of 3 emails)

Dear Remy,

I have conferred with the College and they have confirmed that all responsive documents in their possession were already produced.

Best,

Joan

---

**From:** remy@femmelaw.com <remy@femmelaw.com>
**Sent:** Wednesday, October 2, 2019 5:58 PM
**To:** CUNY General Counsel <ogc@cuny.edu>
**Cc:** Joan Margiotta <Joan.Margiotta@cuny.edu>
**Subject:** RE: FOIL Appeal Decision--*Letter*-(Part 1 of 3 emails)

Dear Counsel,

I write to ask you to briefly review your records in this matter, in the interest of avoiding unnecessary litigation.

As the decision I appealed was an entirely unreasoned, blanket denial, it seems reasonable to me that we might have some negotiation or other movement at this level of decision making, and I want to give you an opportunity to respond to what I believe are reasonable requests.

As I am sure you know, it is the withholding agency's burden to set forth appropriately particularized and specific justifications for denying access to specific responsive records, showing its entitlement to withhold disclosure of documents, or of information withheld by means of redaction, establishing that one of the statutory exceptions justifies withholding the documents or information from disclosure, despite the strong statutory presumptions in favor of such disclosure. *See, e.g, Matter of Gould v. NYPD*, 89 NY2d 267, 275 (1996); *Matter of Fink v. Lefkowitz*, 47 N.Y.2d 567, 571 (1979); *New York State Rifle & Pistol Assn, Inc. v. Kelly*, 55 AD3d 222 (1st Dept. 2008); *DJL Rest. Corp. v. Dept. of Buildings of the City of New York*, 273 A.D.2d 167 (1st Dept. 2000); *Laureano v. Grimes*, 179 AD2d 602, 603-4 (1st Dept. 1992); *Matter of Johnson v. New York City Police Department*, 257 A.D.2d 343, 349 (1st Dept. 1999), quoting *Matter of Capital Newspapers Div. of Hearst Corp. v. Burns.,* 67 N.Y.2d 562, 566 (1986).

An agency must explain and justify its reliance on an exemption "in more than just a 'plausible fashion.'" *Data Tree, LLC v. Romaine*, 9 NY3d 454, 462 (2007). That includes setting for a "factual basis" for claiming exemption from the duty to disclose. *See, e.g., Church of Scientology of N.Y. v. State of New York,* 46 N.Y.2d 906, 908 (1979). "Conclusory assertions that certain records fall within a statutory exemption are not sufficient; evidentiary support is needed." *Matter of Baez v. Brown*, 124 A.D.3d 881, 83 (2nd Dept. 2015) (quoting *Matter of Dilworth v. Westchester County Dep't of Correction*, 93 A.D.3d 722, 724 (2nd Dept. 2012); *see also Capital Newspapers Division of the Hearst Corp.* v. *City of Albany,* 15 N.Y.3d 759 (2010) ("conclusory affidavit" from agency insufficient to meet burden of invoking exemption); *Washington Post Co. v. New York State Insurance Dep't*, 61 N.Y.2d 557, 567 (1984) (rejecting reliance on "conclusory pleading allegations and affidavits"); *Matter of Washington*

*Post Co. v. New York State Ins. Dep't.,* 61 N.Y.2d 557, 567 (1984) ("conclusory pleading allegations and affidavits" could not establish exceptions); *Villalobos v. New York City Fire Dep't,* 130 A.D.2d 935, 937 (2nd Dept. 2015) (conclusory statements insufficient to justify redactions); *Matter of Madera v. Elmont Public Library,* 101 AD3d 726 (2d Dept.2012); *Matter of Porco v. Fleischer,* 100 AD3d 639 (2d Dept.2012); *Matter of Buffalo Broadcasting Co., Inc. v. New York State Dep't. of Correctional Servs.,* 155 A.D.2d 106, 110 (3rd Dep't 1990); *Newsday LLC v. Nassau Cty. Police Dep't,* 42 Misc. 3d 1215(A), 984 N.Y.S.2d 633 (Sup. Ct. 2014); *Loevy & Loevy v. New York City Police Dep't,* 38 Misc. 3d 950, 953 (Sup. Ct. 2013) ("A conclusory contention that an entire category of documents is exempt will not suffice").

Thus, I direct your attention to a few, specific matters. While your letter is substantially better than the rejection that Attorney Hardaway penned below, it still largely consists of conclusory assertions that the records fall within certain FOIL exemptions, rather than specific and particularized reasoning.

          I.            No Records Relating to the Emergency Suspension Have Been Produced.

Most critically, you have not produced *any* records that reflect the required determination for an emergency suspension to have been carried out. Under CUNY Bylaws, Article XV(j), the kind of suspension that Ms. Fletcher received may *only* be carried out by "[t]he president or her/his designee," in "emergency or extraordinary circumstances," where "a student's presence poses a continuing danger to person or property or an ongoing threat of disrupting the academic process." No record produced reflects such a determination. Moreover, no records whatsoever exist that include the College's president in any form, nor have any records been produced that reflect that President Crews has designated anyone else to make such determinations.

Indeed, no record produced even begins the process of an emergency suspension (or the disciplinary process more generally). Of course, no FOIL exception could apply to the relevant records because the decision to impose and concomitant determination are obviously "final agency policy or determinations."

In the total absence of these records, we will assume you want us to infer that, after a diligent search, you have determined that the College did not follow the CUNY Bylaws in this case, and one of either Dean McLean or Johnathon Hardaway imposed the emergency suspension unilaterally and without authorization. See "May 1 Emails" (attached) (first records reflecting any discipline or suspension, sent by Dean McLean).

          II.          The Records Produced Indicate Additional Records that Should Have Been Produced.

The records you have produced also specifically reference other records responsive to the request we have made, that should have been produced. Most critically among these, in the included "McLean Affidavit," Dean McLean specifically testifies (subject to perjury) that "[o]n may 1, 2019, I received evidence regarding Ms. Fletcher's conduct during an April 30, 2019 Community Board 9 Brooklyn meeting." McLean Affidavit ¶ 5. Neither that "evidence" nor its means of transmission is included in the records produced. We have specifically been seeking that since the beginning of this matter. That "evidence" was almost certainly included in the "complaint leading to … Ms. Fletcher's emergency suspension." See May 31, 2019 FOIL Letter at 1. No particularized justification was provided for withholding that complaint. Nor, to the extent it is a different record, was any justification provided for withholding the "evidence" referenced in the Affidavit.

Similarly, the attached "Police Report Email" references contact between the College and the NYPD about "Council Member Cumbo's Police Report." Copies of the report itself are obviously subject to disclosure. Similarly, the

communications referenced – with appropriate redactions, if any – are subject to FOIL, and no particularized justification was provided for withholding these communications (Police Reports would, among other things, be "final determinations"). Even if the only record is a phone log, we are entitled to the record of the fact of the phone call between NYPD and the College.

Also similar, I would sincerely hope there is a record of Dean McLean responding to the attached "Please Confirm Email," and we expect to receive a copy thereof, confirming that she did, in fact, confirm that all charges were dismissed. That record's production would be called for here.

Finally, given the updates contained in the Police Report Email, and Dean McLean's statement that the email was "to update Council Member Cumbo on the progress the College has made [regarding disciplining Sakia Fletcher]," it strains credulity to believe that there were not further updates, particularly once the proceeding was dismissed. At a bare minimum, we are entitled to the communication that "update[s] Council Member Cumbo" on the proceeding following its dismissal. As to this update, even assuming *arguendo* that some legitimate justification existed for withholding communications between Cumbo's office and the College (it does not), that justification evaporates when the proceeding ends, and any subsequent communication would need to be produced as it would purely reflect facts and final policy determinations, both not subject to withholding.

I thank you for your time and attention to this. These outstanding documents seem to me to be a silly reason for all of us to go into court, but we will do so if we need to.

Yours very truly,

Remy Green.

_____

J. Remy Green
*Partner*
| Cohen&Green P.L.L.C. | #FemmeLaw |
| (929) 888.9480 (p) | (929) 888.9457 (f) |
| Honorific / pronouns: Mx. / they, their, them |



**From:** CUNY General Counsel <ogc@cuny.edu>
**Sent:** Wednesday, October 2, 2019 10:51 AM
**To:** 'remy@femmelaw.com' <remy@femmelaw.com>
**Subject:** FOIL Appeal Decision--*Letter*-(Part 1 of 3 emails)

**\*\*\*PART 1 OF 3\*\*\***

Good morning,

We are resending the FOIL appeal decision in three parts. This would be part **1 of 3** emails. Please confirm receipt once you have received all 3.

Thank you

OGC

---

**From:** CUNY General Counsel
**Sent:** Tuesday, October 1, 2019 4:34 PM
**To:** 'remy@femmelaw.com' <remy@femmelaw.com>
**Subject:** FOIL Appeal Decision

Dear Counsel:

Attached please find a copy of the Office of the General Counsel's decision and corresponding enclosure in response to your FOIL appeal.

Very truly yours,

Office of the General Counsel

The City University of New York