| | |
|---|---|
| **From:** | Alexis McLean <aMcLean@mec.cuny.edu> |
| **Sent:** | Friday, May 17, 2019 8:20 AM |
| **To:** | remy green |
| **Cc:** | Jonathan Wallace |
| **Subject:** | RE: Sakia Fletcher |
| **Attachments:** | NY Penal Law § 240.20.pdf |

Good morning Remy:

I have removed Johnathon from this email, and would like to ask that just the three of us communicate about this matter, specifically as it pertains to the hearing.

On May 20th, the FSDC will meet to determine whether <u>additional</u> discipline for Ms. Fletcher's April 30th conduct is warranted. Although the College was justified in issuing the emergency suspension and met all CUNY procedural requirements, the FSDC will not be determining the sufficiency of the emergency suspension. The responsibility of the FSDC is to determine if Ms. Fletcher must accept the charges put forth by the College (which are in the *Notice of Hearing and Charges* issued on May 3, 2019). Once again, they will make a determination regarding <u>additional</u> discipline.

Please note that once the College refers charges to the Faculty Student Disciplinary Committee (FSDC), decisions about some of what you have asked rest <u>solely</u> with the Chair. My office has liaised with the Chair. Responses are below.

We are asking for the following, reasonable information in order to prepare for the hearing on Monday. Particularly because we are in the middle of exams, it is simply unreasonable and unfeasible for us to ask other students whom we intend to call as witnesses to potentially set aside multiple days for this hearing. [FSDC hearings <u>typically</u> last a few hours. This can vary based on the amount of witnesses, questions, etc. However, in most instances, only one day is reserved/needed to settle a matter. Please have your witnesses arrive at 3 PM. The Chair of the FSDC retains discretion to limit the number of witnesses and the time of testimony for the presentations by any party and/or their representative.]

1. Please provide us with a witness list for the College's case. If that is impossible, we ask that you at least provide us with an estimate for how long the College's case will be, so we may arrange for our witnesses. [Please see Johnathon Hardaway's email on this. In addition, please see above.]
2. Please provide documentation that the president or their designee made a determination that there existed emergency or extraordinary circumstances that justified the imposition of a suspension without any hearing pursuant to Article XV(j). [Please see Johnathon Hardaway's email on this.]
3. Please also provide documentation that "[p]rior to the commencement of a temporary suspension of a student, the college shall g[a]ve the student oral notice (which shall be confirmed via email to the address appearing on the records of the college) or written notice of the charges against her/him." Obviously the Office of Student Affairs' May 1 letter simply stating "Student Affairs will be contacting you shortly regarding pending disciplinary allegations" is insufficient. [Please note that per Article XV, the College reserves the right to provide notice following a suspension.]
4. We hereby request a public hearing pursuant to Article XV, Hearing Rule 2. [Per Article XV, the Chairperson has the right to deny this request and hold a closed hearing. This hearing will be a closed hearing.]

5. We hereby ask specifically that the proceedings be video and stenographically recorded, consistent with Article XV, Hearing Rule 5. We will be asking for our copy of the stenographic record (to be provided without cost under Hearing Rule 5) as soon as is practicable, in time to use the record to prepare for closing arguments. [Please see Johnathon Hardaway's email on this. In addition, per Article XV, one recording format will be allowed.]
6. Please provide us with whatever procedure you would like us to follow in order to call university employees as witnesses. [Please see Johnathon Hardaway's email on this. In addition, please note that Chair of the FSDC retains discretion to limit the number of witnesses.]
7. Please provide us with any rules that will be in place for this hearing that are not contained in the text of Article XV of the CUNY bylaws. [All rules that govern FSDC hearings are in Article XV of the CUNY bylaws.]

Additionally, given Mr. Hardaway's response to items 2 and 3 above, please let this constitute written notice of our appeal of the temporary suspension imposed on Ms. Fletcher, pursuant to Article XV, on the grounds of procedural error. Specifically, it appears that (1) the College did not make a determination that any emergency or extraordinary circumstances existed, and (2) the college did not give any notice of the charges against Ms. Fletcher prior to imposing discipline.
[The FSDC will not be determining the sufficiency of the emergency suspension. The responsibility of the FSDC is to determine if Ms. Fletcher must accept the charges put forth by the College. In addition, per Article XV, the College reserves the right to provide notice following a suspension.]

Lastly, per Article XV, "should the college seek to introduce additional documents or other tangible evidence during, or some time prior to, the disciplinary hearing, the respondent and the complainant shall be afforded the opportunity to review the additional documents or tangible evidence." In addition, per Article XV, "each student enrolled or in attendance in any college, school or unit under the control of the board and every student organization, association, publication, club or chapter shall obey the laws of the city, state and nation." Therefore, I have attached *NY Penal Law 240.20*, which I have been informed will be presented at the hearing.

Sincerely,

**Dr. Alexis J. McLean**
*Interim Dean of Student Affairs*
Medgar Evers College-CUNY
1637 Bedford Avenue, Room S-306
P: 718.270.6046
E: amclean@mec.cuny.edu


**From:** remy green [mailto:remy@femmelaw.com]
**Sent:** Thursday, May 16, 2019 6:27 PM
**To:** Alexis McLean <aMcLean@mec.cuny.edu>
**Cc:** Jonathan Wallace <jonathan.wallace80@gmail.com>; Johnathon P. Hardaway <JHardaway@mec.cuny.edu>
**Subject:** Re: Sakia Fletcher

Dean McLean,

I am re-sending this directly to you, pursuant to the instructions of the University's counsel (whom I have moved to the cc field).

We are asking for the following, reasonable information in order to prepare for the hearing on Monday. Particularly because we are in the middle of exams, it is simply unreasonable and unfeasible for us to ask other students whom we intend to call as witnesses to potentially set aside multiple days for this hearing.

1. Please provide us with a witness list for the College's case. If that is impossible, we ask that you at least provide us with an estimate for how long the College's case will be, so we may arrange for our witnesses.
2. Please provide documentation that the president or their designee made a determination that there existed emergency or extraordinary circumstances that justified the imposition of a suspension without any hearing pursuant to Article XV(j).
3. Please also provide documentation that "[p]rior to the commencement of a temporary suspension of a student, the college shall g[a]ve the student oral notice (which shall be confirmed via email to the address appearing on the records of the college) or written notice of the charges against her/him." Obviously the Office of Student Affairs' May 1 letter simply stating "Student Affairs will be contacting you shortly regarding pending disciplinary allegations" is insufficient.
4. We hereby request a public hearing pursuant to Article XV, Hearing Rule 2 .
5. We hereby ask specifically that the proceedings be video and stenographically recorded, consistent with Article XV, Hearing Rule 5. We will be asking for our copy of the stenographic record (to be provided without cost under Hearing Rule 5) as soon as is practicable, in time to use the record to prepare for closing arguments.
6. Please provide us with whatever procedure you would like us to follow in order to call university employees as witnesses.
7. Please provide us with any rules that will be in place for this hearing that are not contained in the text of Article XV of the CUNY bylaws.

Please let me know if you have any questions or need to discuss any of these items.

Additionally, given Mr. Hardaway's response to items 2 and 3 above, please let this constitute written notice of our appeal of the temporary suspension imposed on Ms. Fletcher, pursuant to Article XV, on the grounds of procedural error. Specifically, it appears that (1) the College did not make a determination that any emergency or extraordinary circumstances existed, and (2) the college did not give any notice of the charges against Ms. Fletcher prior to imposing discipline.

Best,

Remy.


On Thu, May 16, 2019 at 6:10 PM Johnathon P. Hardaway <JHardaway@mec.cuny.edu> wrote:
> Hello Remy,
>
> To be clear, I am the College's legal counsel. You need to contact Dr. Alexis McLean (carnom copied on this email), Dean of Student Affairs, for questions specific to Faculty Student Disciplinary Committee hearings. I tried to answer some of your questions below based on what I know about the CUNY FSDC process. Going forward, please send questions like these to Dr. McLean only.
>
> 1. Please provide us with a witness list for the College's case. If that is impossible, we ask that you at least provide us with an estimate for how long the College's case will be, so we may arrange for our witnesses.

As told to you on Tuesday, May 14, 2019, the College is not required and will not be providing Respondent a witness list. The College is not required and will not be providing the Respondent any estimates on length for the hearing or hearing testimony. Please have your witnesses arrive at 3 PM on Monday May 20, 2019 at 1637 Bedford Avenue in Brooklyn, NY in room 307.

2. Please provide documentation that the president or their designee made a determination that there existed emergency or extraordinary circumstances that justified the imposition of a suspension without any hearing pursuant to Article XV(j).

Without acknowledging that such evidence does or does not exist, the College is not required and will not be providing the information requested in paragraph 2.

3. Please also provide documentation that "[p]rior to the commencement of a temporary suspension of a student, the college shall g[a]ve the student oral notice (which shall be confirmed via email to the address appearing on the records of the college) or written notice of the charges against her/him." Obviously the Office of Student Affairs' May 1 letter simply stating "Student Affairs will be contacting you shortly regarding pending disciplinary allegations" is insufficient.

Without acknowledging that such evidence does or does not exist, the College is not required and will not be providing the information requested in paragraph 3.

4. We hereby request a public hearing pursuant to Article XV, Hearing Rule 2.

Dr. McLean has seen your request because she is carbon copied on this email. Nevertheless, upon information and belief, the Chair of the FSDC will determine whether or not to allow an open hearing.

5. We hereby ask specifically that the proceedings be video and stenographically recorded, consistent with Article XV, Hearing Rule 5. We will be asking for our copy of the stenographic record (to be provided without cost under Hearing Rule 5) as soon as is practicable, in time to use the record to prepare for closing arguments.

A stenographer will be at the May 20, 2019 FSDC hearing. The FSDC hearing is one day. In my experience, transcripts usually take weeks to obtain. Nevertheless, please check with Dr. McLean regarding how fast Respondent may obtain a hearing transcript or the remainder of the language in paragraph 5.

6. Please provide us with whatever procedure you would like us to follow in order to call university employees as witnesses.

Please contact Dr. McLean with this request. It is my understanding that the College cannot compel witness appearances, i.e., witnesses must voluntarily both appear and testify on the day of the FSDC hearing (in this instance 3 PM on Monday May 20, 2019 at 1637 Bedford Avenue in Brooklyn, NY in room 307).

7. Please provide us with any rules that will be in place for this hearing that are not contained in the text of Article XV of the CUNY bylaws.

Without acknowledging that any such rules exist or do not exist, the College is not required and will not be providing the information requested in paragraph 7.

Please contact Dr. McLean only going forward.

Thank you,

Johnathon P. Hardaway III, Esq.
Chief Legal Officer
Medgar Evers College, Office of the President
1650 Bedford Avenue, Suite B3009
Brooklyn, NY 11225
Direct Dial: (718) 270-5002
Cellular: (917) 733-6036
Fax: (718) 270-5126
Email: jhardaway@mec.cuny.edu


PRIVACY & CONFIDENTIALITY NOTICE: This message is for the designated recipient only and may contain privileged, confidential, or otherwise private information. If you have received it in error, please notify the sender immediately and delete the original. Any other use of an e-mail received in error is prohibited.

_____

From: remy green [remy@femmelaw.com]
Sent: Thursday, May 16, 2019 5:32 PM
To: Johnathon P. Hardaway
Cc: Jonathan Wallace; Alexis McLean
Subject: Sakia Fletcher

Johnathon,

Unfortunately, it appears we will be unable to settle this without a hearing.

Therefore, we are now asking you for/informing you of the following, and may be making more requests as we prepare for the hearing.

  1. Please provide us with a witness list for the College's case. If that is impossible, we ask that you at least provide us with an estimate for how long the College's case will be, so we may arrange for our witnesses.
  2. Please provide documentation that the president or their designee made a determination that there existed emergency or extraordinary circumstances that justified the imposition of a suspension without any hearing pursuant to Article XV(j).
  3. Please also provide documentation that "[p]rior to the commencement of a temporary suspension of a student, the college shall g[a]ve the student oral notice (which shall be confirmed via email to the address appearing on the records of the college) or written notice of the charges against her/him." Obviously the Office of Student Affairs' May 1 letter simply stating "Student Affairs will be contacting you shortly regarding pending disciplinary allegations" is insufficient.
  4. We hereby request a public hearing pursuant to Article XV, Hearing Rule 2 .
  5. We hereby ask specifically that the proceedings be video and stenographically recorded, consistent with Article XV, Hearing Rule 5. We will be asking for our copy of the stenographic record (to be provided without cost under Hearing Rule 5) as soon as is practicable, in time to use the record to prepare for closing arguments.
  6. Please provide us with whatever procedure you would like us to follow in order to call university employees as witnesses.
  7. Please provide us with any rules that will be in place for this hearing that are not contained in the text of

Article XV of the CUNY bylaws.

Please let me know if you have any questions or need to discuss any of these items.

Best,

Remy.


--
_____
J. Remy Green
Partner
| Cohen&Green P.L.L.C. | #FemmeLaw |
| [remy@femmelaw.com](mailto:remy@femmelaw.com)<mailto:remy@femmelaw.com> (e) | (929) 888.9560 (direct) |
| (929) 888.9480 (p) | (929) 888.9457 (f) |
| honorific / pronouns<https://urldefense.proofpoint.com/v2/url?u=https-3A__medium.com_-40j.remy.green_on-2Dcurb-2Dcuts-2Dand-2Dpronouns-2Dand-2Dhonorifics-2Din-2Demail-2Dsignatures-2Dand-2Delsewhere-2De1ea2bfd55b1&d=DwMFaQ&c=OX75XE6Ovbuivb5ZMs_UO0wD4Fwo3w1FbacarYwBPog&r=z5qGMCYL06ecn-Ejn2DVvHGUSwHy9eOYyDFChTKxF_g&m=ZVt6aGoSaqe-pukNCW7FJf2Yrkzuhrz9RvwD-dJbHGk&s=1eXgwGQFqSaduTYp0JWicTPQyS0pnsObnoWoR-Upwy8&e=>: Mx.<https://urldefense.proofpoint.com/v2/url?u=https-3A__en.wikipedia.org_wiki_Mx-5F-28title-29&d=DwMFaQ&c=OX75XE6Ovbuivb5ZMs_UO0wD4Fwo3w1FbacarYwBPog&r=z5qGMCYL06ecn-Ejn2DVvHGUSwHy9eOYyDFChTKxF_g&m=ZVt6aGoSaqe-pukNCW7FJf2Yrkzuhrz9RvwD-dJbHGk&s=EBf8Pdh7ZQxNwpQOq3OcwOxJdAg8q_mgGo1a4YUpJaA&e=> /
they<https://urldefense.proofpoint.com/v2/url?u=https-3A__www.teenvogue.com_story_they-2Dthem-2Dquestions-2Danswered&d=DwMFaQ&c=OX75XE6Ovbuivb5ZMs_UO0wD4Fwo3w1FbacarYwBPog&r=z5qGMCYL06ecn-Ejn2DVvHGUSwHy9eOYyDFChTKxF_g&m=ZVt6aGoSaqe-pukNCW7FJf2Yrkzuhrz9RvwD-dJbHGk&s=upgCkRf1wBhqHRwHswnrkH4FtIbOsVhr1vp6I7iqafQ&e=>,
their<https://urldefense.proofpoint.com/v2/url?u=https-3A__radicalcopyeditor.com_2017_08_31_transgender-2Dstyle-2Dguide_&d=DwMFaQ&c=OX75XE6Ovbuivb5ZMs_UO0wD4Fwo3w1FbacarYwBPog&r=z5qGMCYL06ecn-Ejn2DVvHGUSwHy9eOYyDFChTKxF_g&m=ZVt6aGoSaqe-pukNCW7FJf2Yrkzuhrz9RvwD-dJbHGk&s=G5hci_EQOBFiMaheMTujjXuQ4Ej4tXWbwkgOfozUfLI&e=>,
them<https://urldefense.proofpoint.com/v2/url?u=https-3A__stroppyeditor.wordpress.com_2015_04_21_everything-2Dyou-2Dever-2Dwanted-2Dto-2Dknow-2Dabout-2Dsingular-2Dthey_&d=DwMFaQ&c=OX75XE6Ovbuivb5ZMs_UO0wD4Fwo3w1FbacarYwBPog&r=z5qGMCYL06ecn-Ejn2DVvHGUSwHy9eOYyDFChTKxF_g&m=ZVt6aGoSaqe-pukNCW7FJf2Yrkzuhrz9RvwD-dJbHGk&s=11ThYRDMMyPJ8zILv8J2NHnDlRxvu6afy6GhJrrq0XY&e=> |
_____
_____


--

J. Remy Green

*Partner*

| Cohen&Green P.L.L.C. | #FemmeLaw |

| remy@femmelaw.com (e) | (929) 888.9560 (direct) | | (929) 888.9480 (p) | (929) 888.9457 (f) |

| honorific / pronouns:  Mx. / they, their, them |