

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

| LETITIA JAMES | | DIVISION OF STATE COUNSEL |
|---|---|---|
| ATTORNEY GENERAL | Direct Dial: 212-416-8888 | LITIGATION BUREAU |

September 11, 2020

**Via ECF**

The Hon. Valerie E. Caproni
United States District Judge
Southern District of New York
40 Foley Square, Room 443
New York, New York 10007

    Re:  <u>Fletcher v. Medgar Evers College, CUNY, et al.</u>, No. 20 Civ. 4163 (VEC) (SDA)

Your Honor:

    I am an Assistant Attorney General in the Office of Letitia James, Attorney General of the State of New York.  This Office represents The City University of New York ("CUNY") as a defendant in this action.  I write to request two adjournments:

    (1) an adjournment of the initial pre-trial conference scheduled for September 25, 2020, and the filings required by the order scheduling the conference (ECF 7, 12), until Friday, December 4, 2020.  This is the second request for an adjournment of the conference and related filings.  Counsel for all parties who have appeared (plaintiff and defendants Council Member Laurie Cumbo and Alexis McLean) join in this request.

    (2) an adjournment of time for defendants Medgar Evers College, CUNY, Félix V. Matos Rodriguez, Rudolph Crew, and Johnathon P. Hardaway, III (together, the "State Defendants"), to answer, move or otherwise respond to the complaint for 60 days from October 2 to December 1, 2020.[1]  This is the second request for an adjournment of this deadline.  Counsel for defendants Cumbo and McLean join in this request.  Plaintiff's counsel consents to these adjournments.

    My first request for an extension of these deadlines was made on consent and was granted by order dated July 9, 2020.  ECF 12.  By that order, your Honor adjourned the initial pre-trial conference from July 24 to September 25 (and related filings), and adjourned the deadline to answer the complaint from August 3 to October 2, 2020.  Your Honor wrote then that "Given the lengthy extension, further extensions are unlikely to be granted."  Despite this, the parties respectfully suggest they have good cause to request an additional extension for the following reasons.

---

[1]    Medgar Evers College is a senior college and a constituent of CUNY, has no separate legal existence apart from CUNY, and CUNY is the only proper institutional defendant.  *See* N.Y. Educ. Law §§ 6202(5), 6203; *Clissuras v. CUNY*, 359 F.3d 79, 81 n. 2 (2d Cir. 2004).

Hon. Valerie E. Caproni                                                                                                         Page 2
September 11, 2020

      A principal reason for the prior extension was to allow this Office to make decisions about representation. This Office has determined to represent CUNY and its Chancellor, who is sued in his official capacity, as defendants in this action. We used the last extension to determine that the remaining individual State Defendants (Rudolph Crew, Johnathon P. Hardaway, III and Alexis McLean) are entitled to be represented by private counsel under Public Officers Law § 17.

      It took several weeks' time over this summer to reach that determination, which involved investigating the facts, researching the law and obtaining approval within this Office. Defendants Crew, Hardaway and McLean have been advised to seek counsel, and Ms. McLean has already hired counsel who has appeared in this action. While this Office is not presently representing defendants Crew and Hardaway in this action, this extension is requested on their behalves for the limited purpose of protecting their litigation interests and avoiding default while they obtain counsel.[2]

      During a conference call with counsel for plaintiff and defendants McLean and Cumbo, all counsel agreed that future counsel for Crew and Hardaway should be consulted in drafting the pre-conference letter and case management order, and should be represented at the conference.

      In addition, my prior request for an adjournment was written while the parties were engaged in settlement discussions. All parties who have appeared have indicated a desire for a settlement conference before Magistrate Judge Aaron, an issue we intend to raise with counsel for defendants Crew and Hardaway, after their retention.

      For these reasons, the parties respectfully request that your Honor adjourn the initial conference, and the filings required by the order scheduling the conference, to December 4, 2020, and that the time for the defendants to answer, move or otherwise respond to the complaint be extended to December 1, 2020.

      Respectfully submitted,
      /s/Jonathan A. Siegel
      Jonathan A. Siegel, Assistant Attorney General

cc:    all counsel (via ECF)
        Rudolph Crew (via email)
        Johnathon P. Hardaway, III (via email)

---

[2]  Public Officers Law § 17(c) reads: "Where the employee delivers process and a request for a defense to the attorney general as required by subdivision four of this section, the attorney general shall take the necessary steps including the retention of private counsel under the terms and conditions provided in paragraph (b) of subdivision two of this section on behalf of the employee to avoid entry of a default judgment pending resolution of any question pertaining to the obligation to provide for a defense."