USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/24/2020

Case 1:20-cv-04163-VEC   Document 20   Filed 11/24/20   Page 1 of 4

MEMO ENDORSED



November 24, 2020

Hon. Valerie E. Caproni
United States District Judge
Southern District of New York
40 Foley Square, Room 443
New York, New York 10007

By Electronic Filing.

    Re:    <u>Fletcher v. Medgar Evers College et al.</u>, 20-cv-4163 (VEC) (SDA)

Dear Judge Caproni:

    My firm represents the plaintiff in the case named above. I write jointly with counsel for the various defendants (all of us together, the "Parties"), as directed by the Court (ECF No. 16) to provide the joint letter required by the Court's Individual Practices and the Notice of Initial Pretrial Conference (ECF No. 3).

    As a preliminary matter, as anticipated by the Court (ECF No. 16 at 3) and described below, the Parties request a referral to Magistrate Judge Aaron for a settlement conference. We note that December is a busy month for many of us, and some Parties' counsel have limited availability until January.

    Pending that conference, and in light of the fact that several defendants anticipate filing motions to dismiss, the Parties ask that the Court hold off entering a case management order until after a settlement conference can take place. While the initial conference will likely still be productive, we believe that not having discovery deadlines looming will better allow the Parties to work to achieve a settlement and will overall serve to make proceedings more efficient. *Cf.* Local Civ. R. 83.10(5) (in 1983 suits against NYPD, discovery is automatically stayed until a settlement conference takes place, at which point the stay automatically expires).

    Finally, while the Parties believe it is sufficient for the Court to simply hold off entering a case management order, in the alternative, the Parties ask the Court to enter the case management order attached, but stay that order pending a joint status letter, to be filed within 10 days of mediation, and then adjourn the deadlines accordingly.

**I. Brief Joint Description of the Case.**

    This case primarily arises out of a set of disciplinary charges levied against plaintiff while she was a student at Medgar Evers College. Plaintiff alleges that the commencement of the disciplinary process was retaliatory in nature as the result of her exercising her First Amendment rights by protesting the actions of Councilmember Laurie Cumbo at a public event and that, further, the disciplinary process proceeded in a manner that was contrary to CUNY's Bylaws. As a result, plaintiff alleges three causes of action through 42 U.S.C. § 1983 against the defendants: (1) First



Amendment retaliation; (2) denial of due process; and (3) the unlawful falsification of evidence. The parties agree that this Court has subject matter jurisdiction over these claims.

Plaintiff further asserts four state law causes of action, which she requests this Court to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367:  (1) abuse of process; (2) tortious interference with contract; (3) breach of contract; and (4) violation of the Freedom of Information Law.  Specifically, plaintiff alleges that the defendants' prosecution of the disciplinary charges constituted the abuse of otherwise lawful procedures and resulted in a breach of her contract, created through the CUNY Bylaws, with defendants.  On the FOIL claim, plaintiff alleges that the College improperly withheld documents in response to a duly filed FOIL request.

As a result of the alleged violations of her rights, Plaintiff seeks injunctive, declaratory, and monetary relief (as well as costs and attorneys' fees).

Defendants deny the factual and legal predicates underlying all of these claims.  In addition, defendants anticipate requesting that the Court decline to exercise its supplemental jurisdiction over the state law claims if and when it dismisses the federal claims over which it has subject matter jurisdiction.

**II.  Any Contemplated Motions.**

Plaintiff does not presently intend to make any motions.

A. **The CUNY Defendants.**

Defendants The City University of New York ("CUNY") and Félix Matos-Rodriguez, sued in his official capacity as Chancellor of CUNY (together, the "CUNY Defendants"), are sued solely for declaratory and injunctive relief and are not contemplating filing any motions at this time.

B. **Defendants Crew and Hardaway.**

Defendants Crew and Hardaway anticipate the filing of a motion to dismiss the claims asserted against them on the basis that, among other things, the complaint fails to state a claim as against them because it fails to sufficiently allege or establish, for purposes of any of the 42 U.S.C. 1983 causes of action, their respective personal involvement in the acts complained of. In addition, the state law claims should be dismissed because, among other things, these defendants did not engage in the conduct which forms the basis for the tortious interference claim, they are not in privity with plaintiff for purposes of a breach of contract claim, they did not abuse any lawful process so as to support an abuse of process claim and because the Freedom of Information Law claim is time-barred.

C. **Defendant Alexis McLean.**

Defendant Alexis McLean does not anticipate making any motions at this time.

Page 2 of 4

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



D. **Defendant Laurie Cumbo.**

Defendant Laurie Cumbo denies the Plaintiff's allegations as implausible and at times fantastic and avers that there are not sufficient facts to survive a motion to dismiss. Defendant Cumbo anticipates filing a motion to dismiss the claims asserted against her, decline supplemental jurisdiction over the state law claims if and when the Court dismisses the federal claims over which it has subject matter jurisdiction, and dismiss the state law claims on their merits if considered.  Among other things, the complaint fails to plausibly plead the state and federal claims alleged, the defendant is not in privity with the Plaintiff for contract-based claims, and the Freedom of Information Law claim against her is time-barred.  If necessary, Defendant Cumbo will also seek to stay discovery pending consideration of her motion to dismiss.

III. **Joint Statement of the Basis for Subject Matter Jurisdiction.**

As noted above, the parties agree that this Court has subject matter jurisdiction over Plaintiff's federal claims under 28 U.S.C. §§ 1331 and 1343(a).  Most of this action is brought under 42 U.S.C. § 1983, which means that it arises under the "laws … of the United States" (1331) and is an action "[t]o recover damages [and] to secure other relief under an[] Act of Congress providing for the protection of civil rights."  The Court then has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367, since the claims share a nucleus of operative facts, and the Federal claims predominate.  Defendants anticipate requesting that the Court decline to exercise its supplemental jurisdiction over the state law claims if and when it dismisses the federal claims over which it has subject matter jurisdiction.

IV. **Prospect for Settlement.**

The Parties believe settlement is possible in this case, and that a settlement conference would, at a minimum, be very productive in moving the case forward – to the extent it does not resolve things entirely.  The Parties therefore ask the Court to – as it indicated it would – refer this case at the Court's earliest convenience to Magistrate Judge Aaron so that a remote settlement conference can be scheduled in January 2021.

COHEN&GREEN

Page 3 of 4

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



                               Respectfully submitted,

                                    /s/
                              _____

                            J. Remy Green
                                *Honorific/Pronouns: Mx., they/their/them*
                            **COHEN&GREEN P.L.L.C.**
                            *Attorneys for Plaintiff*
                            1639 Centre St., Suite 216
                            Ridgewood, New York 11385

Enclosure.

cc:
All relevant parties by ECF.

---

The Court will refer the parties for a settlement conference with their assigned Magistrate Judge by separate order.  The Court will discuss the proposed case management plan with the parties at the upcoming conference.

The Court reminds Defendants that their time to answer or move in response to the Complaint is due no later than **Tuesday, December 1, 2020**.  *See* Dkt. 16.  The Court further reminds the parties that the initial pretrial conference is scheduled for **Friday, December 4, 2020 at 11:00 A.M.**  All parties and any interested members of the public must attend the initial conference on Friday, December 4, 2020 by dialing 1-888-363-4749, using the access code 3121171 and the security code 4163. All attendees are advised to mute their phones when not speaking and to self-identify each time they speak.  Recording or rebroadcasting the proceeding is strictly prohibited by law.

SO ORDERED.

*[signature: Valerie Caproni]*      Date: November 24, 2020

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE

Page 4 of 4

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com