UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SASKIA FLETCHER,

Plaintiff,

-against-

MEDGAR EVERS COLLEGE, et al.,

Defendants.

20-CV-4163 (VEC) (SDA)

**ANSWER WITH CROSS-CLAIM**

Defendant ALEXIS MCLEAN ("Dr. McLean"), by and through her undersigned attorney, for her answer to the Complaint, avers the following:

1.      Dr. McLean denies the allegations in paragraph 1.

2.      Dr. McLean denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in paragraph 2.

3.      The allegation in paragraph 3 regarding the CUNY bylaws are legal conclusions about the bylaws, which speak for themselves and require no substantive response.  Dr. McLean denies the remaining allegations in paragraph 3 except admits that Plaintiff was temporarily suspended on May 1, 2019.

4.      The quotation in paragraph 4 is a document that speaks for itself and requires no substantive response.  Dr. McLean denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations that Jonathon Hardaway implemented any directives from Councilwoman Cumbo or anyone else or any other allegations in paragraph 4 regarding the actions of Mr. Hardaway.  Dr. McLean denies the remaining allegations in paragraph 4.

5.      Dr. McLean denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in paragraph 5 except admits that at a disciplinary hearing Plaintiff was found "not responsible."

6.      Dr. McLean denies knowledge or information sufficient to form a belief regarding the allegations in paragraph 6.

7.      Dr. McLean denies the allegations in paragraph 7.

8.      Dr. McLean denies the allegations in paragraph 8.

9.      Dr. McLean denies the allegations in paragraph 9.

10.      All of the allegations in paragraph 10 constitute legal conclusions to which no substantive response is required.

11.      Dr. McLean denies the allegations in paragraph 11.

12.      Dr. McLean denies the allegations in paragraph 12.

## JURISDICTION AND VENUE

13.      All of the allegations in paragraph 13 constitute legal conclusions to which no substantive response is required.

14.      All of the allegations in paragraph 14 constitute legal conclusions to which no substantive response is required.

15.      All of the allegations in paragraph 15 constitute legal conclusions to which no substantive response is required.

16.      All of the allegations in paragraph 16 constitute legal conclusions to which no substantive response is required.

17.      All of the allegations in paragraph 17 constitute legal conclusions to which no substantive response is required, except Dr. McLean admits that she is an employee of CUNY.

18.      Dr. McLean denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in paragraph 18.

19.     Dr. McLean denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in paragraph 19.

20.     All of the allegations in paragraph 20 constitute legal conclusions to which no substantive response is required.

21.     All of the allegations in paragraph 21 constitute legal conclusions to which no substantive response is required.

22.     All of the allegations in paragraph 22 constitute legal conclusions to which no substantive response is required.

## PARTIES

23.     Dr. McLean denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in paragraph 23.

24.     Dr. McLean denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in paragraph 24.

25.     Dr. McLean denies the allegations in paragraph 25 except admits that Plaintiff worked in the Office of Student Affairs as part of her work-study program and part of her CUNY Service Corps work.

26.     Dr. McLean admits the allegations in paragraph 26.

27.     Dr. McLean denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in paragraph 27.

28.     Dr. McLean admits the allegations in paragraph 28.

29.     Dr. McLean denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in paragraph 29.

30.     Dr. McLean admits the allegations in paragraph 30.

31.     Dr. McLean denies that she ever engaged in any violation of Plaintiff's rights.  All of the remaining allegations in paragraph 31 constitute legal conclusions to which no substantive response is required.

32.     All of the allegations in paragraph 32 constitute legal conclusions to which no substantive response is required.

33.     Dr. McLean admits the allegations in paragraph 33.

34.     Dr. McLean admits the allegations in paragraph 34.

35.     Dr. McLean admits the allegations in paragraph 35.

36.     All of the allegations in paragraph 36 constitute legal conclusions to which no substantive response is required, except Dr. McLean denies that she is an employee of Medgar Evers College ("MEC") because MEC has no legal existence.  Dr. McLean is an employee of CUNY.

37.     Dr. McLean admits the allegations in paragraph 37.

38.     All of the allegations in paragraph 38 constitute legal conclusions to which no substantive response is required.

39.     Dr. McLean denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in paragraph 39.

40.     Dr. McLean denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in paragraph 40.

41.     Dr. McLean denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in paragraph 41.

42.     Dr. McLean denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in paragraph 42.

43.     Dr. McLean denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in paragraph 43.

44.     Dr. McLean admits the allegations in paragraph 44.

45.     Dr. McLean admits the allegations in paragraph 45 except denies knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiff's alleged lack of knowledge of Dr. McLean's residence.

46.     The quotation of the CUNY website alleged in paragraph 46 refers to a website that speaks for itself and requires no substantive response.   All of the remaining allegations in paragraph 46 constitute legal conclusions to which no substantive response is required, except Dr. McLean admits that she is the current Interim Dean of Student Affairs at Medgar Evers College.

47.     All of the allegations in paragraph 47 constitute legal conclusions to which no substantive response is required.

48.     Dr. McLean denies the allegations in paragraph 48.

49.     Dr. McLean denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in paragraph 49.

50.     Dr. McLean denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in paragraph 50.

51.     Dr. McLean denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in paragraph 51.

52.     Dr. McLean denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in paragraph 52.

53.     Dr. McLean denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in paragraph 53.

54.     Dr. McLean admits the allegations in paragraph 54.

55.     Dr. McLean denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in paragraph 55.

56.     Dr. McLean denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in paragraph 56.

57.     Dr. McLean denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in paragraph 57.

58.     Dr. McLean denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in paragraph 58.

59.     Dr. McLean denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in paragraph 59.

60.     Dr. McLean denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in paragraph 60.

61.     Dr. McLean denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in paragraph 61.

**RELEVANT NON-PARTIES**

62.     Dr. McLean denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in paragraph 62.

63.     Dr. McLean denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in paragraph 63.

64.     Dr. McLean denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in paragraph 64.

65.     Dr. McLean denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in paragraph 65.

66.     Dr. McLean denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in paragraph 66.

67.     Dr. McLean denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in paragraph 67.

68.     Dr. McLean denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in paragraph 68.

69.     Dr. McLean denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in paragraph 69.

70.     Dr. McLean denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in paragraph 70.

### OTHER RELEVANT BACKGROUND

71.     Dr. McLean denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in paragraph 71.

72.     Dr. McLean denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in paragraph 72.

73.     The emails and affidavit of Dr. McLean alleged in paragraph 73 constitute documents that speak for themselves and to which no substantive response is required.  Dr. McLean denies knowledge or information sufficient to form a belief regarding the truth or falsity of the remaining allegations in paragraph 73.

74.     Dr. McLean denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in paragraph 74.

## STATEMENT OF FACTS

75.    Dr. McLean denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in paragraph 75.

76.    Dr. McLean denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in paragraph 76.

77.    Dr. McLean denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in paragraph 77.

78.    Dr. McLean denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in paragraph 78.

79.    Dr. McLean denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in paragraph 79.

80.    The document attached as Exhibit 10 as alleged in paragraph 80 constitutes a document that speaks for itself and to which no substantive response is required.  Dr. McLean denies knowledge or information sufficient to form a belief regarding the truth or falsity of the remaining allegations in paragraph 80.

81.    All of the allegations in paragraph 81 consist of an alleged quotation of Article XV of the CUNY bylaws, which speak for themselves and require no substantive response.

82.    Dr. McLean denies the allegations in paragraph 82 except admits that on May 3, 2019, Plaintiff was formally charged with several violations of CUNY rules.

83.    Dr. McLean denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in paragraph 83.

84.    Dr. McLean denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in paragraph 84.

85.    The Affidavit alleged in paragraph 85 is a document that speaks for itself, and no substantive response to this allegation is required.  Dr. McLean denies the remaining allegations in paragraph 85.

86.    Dr. McLean denies the allegations in paragraph 86.

87.    Dr. McLean denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in paragraph 87.

88.    The exhibits allegedly quoted in paragraph 88 constitute documents that speak for themselves and to which no substantive response is required.  Dr. McLean denies the remaining allegations in paragraph 88.

89.    The sworn affidavit of Dr. McLean is a document that speaks for itself and to which no substantive response is required.  Dr. McLean denies that anything in that affidavit is false and denies the remaining allegations in paragraph 89.

90.    Dr. McLean denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in paragraph 90.

91.    Dr. McLean denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in paragraph 91.

92.    Dr. McLean denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in paragraph 92 except admits that MEC brought charges against Plaintiff, for which she was found not responsible for the alleged violations.

93.    Dr. McLean denies the allegations in paragraph 93.

94.    Dr. McLean denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in paragraph 94.

95.     Dr. McLean denies that she failed to comply with any procedural guarantees or the CUNY bylaws.  Dr. McLean denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations regarding Jonathon Hardaway's actions.  Dr. McLean denies the remaining allegations in paragraph 95.

96.     Article XV of the CUNY bylaws constitute a document that speaks for itself and requires no substantive response.  Dr. McLean denies that she ever gave insufficient notice to Plaintiff regarding her hearing.  Dr. McLean denies the remaining allegations in paragraph 96.

97.     Dr. McLean denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in paragraph 97.

98.     Dr. McLean admits that MEC sent notice of a May 10 hearing on May 3, 2019, in accordance with the requirement of Section 15.4(j) of an early hearing.  Dr. McLean admits that, upon Plaintiff's request, MEC granted an adjournment to May 15, and upon a second request from Plaintiff, MEC granted another adjournment to May 20.  Dr. McLean denies the remaining allegations in paragraph 98.

99.     Dr. McLean denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in paragraph 99 except notes that Article XV of the CUNY bylaws is a document that speaks for itself and requires no substantive response.

100.    All of the allegations in paragraph 100 constitute characterization of a document that speaks for itself and requires no substantive response.

101.    All of the allegations in paragraph 101 constitute characterization of a document that speaks for itself and requires no substantive response.

102.    Dr. McLean denies the allegations in paragraph 102.

103.    All of the allegations in paragraph 103 are characterizations of the CUNY bylaws, which is a document that speaks for itself and requires no substantive response.

104.    All of the allegations in paragraph 104 refer to a document that speaks for itself and requires no substantive response.

105.    Dr. McLean denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in paragraph 105.

106.    Dr. McLean denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in paragraph 106.

107.    Dr. McLean denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in paragraph 107.

108.    Dr. McLean denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in paragraph 108.

109.    The quoted document in paragraph 109 speaks for itself and requires no substantive response.  Dr. McLean denies knowledge or information sufficient to form a belief regarding the truth or falsity of the remaining allegations in paragraph 109.

110.    Dr. McLean denies the allegations in paragraph 110 regarding her own actions.  Dr. McLean denies knowledge or information sufficient to form a belief regarding the truth or falsity of the remaining allegations in paragraph 110.

111.    The allegation that Dr. McLean did not "intervene" is too vague for a substantive response.  Dr. McLean denies violating any CUNY bylaws or otherwise violating any of Plaintiff's rights.  Dr. McLean denies any remaining allegations in paragraph 111 pertaining to her own alleged conduct.  Dr. McLean denies knowledge or information sufficient to form a belief regarding the truth or falsity of the remaining allegations in paragraph 111.

112.     All of the allegations in paragraph 112 refer to a document that speaks for itself and requires no substantive response.

113.     Dr. McLean denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in paragraph 113.

114.     All of the allegations in paragraph 114 constitute characterizations of a document that speaks for itself and requires no substantive response.

115.     Dr. McLean denies the allegations in paragraph 115.

116.     Dr. McLean denies the allegations in paragraph 116 except denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegation that Councilwoman Cumbo "invented" any allegations.

117.     Dr. McLean denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in paragraph 117.

118.     Dr. McLean denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in paragraph 118.

119.     Dr. McLean denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in paragraph 119 except notes that the video referred to speaks for itself and requires no substantive response.

120.     Dr. McLean denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in paragraph 120.

121.     Dr. McLean denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in paragraph 121.

122.     Dr. McLean denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in paragraph 122.

123.   Dr. McLean denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in paragraph 123.

124.   All of the allegations in paragraph 124 constitute characterizations of the FSDC decision, which is a document that speaks for itself and requires no substantive response.

125.   The FSDC decision is a document that speaks for itself and requires no substantive response.  Dr. McLean denies knowledge or information sufficient to form a belief regarding the truth or falsity of the remaining allegations in paragraph 125.

126.   Dr. McLean denies the allegations in paragraph 126.

## CLAIMS AND GROUNDS FOR RELIEF

### COUNT ONE

127.   All of the allegations in paragraph 127 constitute legal conclusions to which no substantive response is required.

128.   All of the allegations in paragraph 128 constitute legal conclusions to which no substantive response is required.

129.   All of the allegations in paragraph 129 constitute legal conclusions to which no substantive response is required.

130.   Dr. McLean denies the allegations in paragraph 130.

131.   Dr. McLean denies the allegations in paragraph 131.

132.   Dr. McLean denies the allegations in paragraph 132.

133.   Dr. McLean denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in paragraph 133.

134.    Dr. McLean denies the allegations in paragraph 134 pertaining to her own actions. Dr. McLean denies knowledge or information sufficient to form a belief regarding the truth or falsity of the remaining allegations in paragraph 134.

135.    The document shown in paragraph 135 speaks for itself and requires no substantive response.  Dr. McLean denies knowledge or information sufficient to form a belief regarding the truth or falsity of the remaining allegations in paragraph 135.

136.    Dr. McLean denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in paragraph 136.

137.    All of the allegations in paragraph 137 constitute characterizations of the CUNY bylaws, which speak for themselves and require no substantive response.

138.    All of the allegations in paragraph 138 constitute legal conclusions to which no substantive response is required.

139.    Dr. McLean denies the allegations in paragraph 139.

140.    All of the allegations in paragraph 140 constitute hypothetical situations or legal conclusions, to which no substantive response is required.

141.    Dr. McLean denies the allegations in paragraph 141.

142.    All of the allegations in paragraph 142 constitute legal conclusions to which no substantive response is required.

**COUNT TWO**

143.    All of the allegations in paragraph 143 constitute legal conclusions to which no substantive response is required.

144.    All of the allegations in paragraph 144 constitute legal conclusions to which no substantive response is required.

145.    All of the allegations in paragraph 145 constitute legal conclusions to which no substantive response is required.

146.    All of the allegations in paragraph 146 constitute legal conclusions to which no substantive response is required.

147.    All of the allegations in paragraph 147 constitute legal conclusions to which no substantive response is required.

148.    All of the allegations in paragraph 148 constitute legal conclusions or characterizations of the CUNY bylaws, which speak for themselves, to which no substantive response is required.

149.    Dr. McLean denies the allegations in paragraph 149.

150.    Dr. McLean denies the allegations in paragraph 150.

151.    All of the allegations in paragraph 151 constitute legal conclusions to which no substantive response is required.

152.    Dr. McLean denies the allegations in paragraph 152.

153.    The document referred to in paragraph 153 speaks for itself and requires no substantive response.  Dr. McLean denies the remaining allegations in paragraph 153.

154.    Dr. McLean denies the allegations in paragraph 154.

155.    Dr. McLean denies the allegations in paragraph 155 except admits that Plaintiff had no hearing before her suspension, although Dr. McLean denies any obligation to provide one.

156.    Dr. McLean denies the allegations in paragraph 156 except denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegation that Plaintiff filed an appeal or that such appeal went unaddressed.

157.    Dr. McLean denies the allegations in paragraph 157.

158.    All of the allegations in paragraph 158 constitute legal conclusions to which no substantive response is required.

## COUNT THREE

159.    All of the allegations in paragraph 159 constitute legal conclusions to which no substantive response is required.

160.    All of the allegations in paragraph 160 constitute legal conclusions to which no substantive response is required.

161.    Dr. McLean denies the allegations in paragraph 161.

162.    Dr. McLean admits the allegations in paragraph 162.

163.    Dr. McLean denies the allegations in paragraph 163.

164.    Dr. McLean denies the allegations in paragraph 164.

165.    All of the allegations in paragraph 165 constitute legal conclusions to which no substantive response is required.

166.    All of the allegations in paragraph 166 constitute legal conclusions to which no substantive response is required.

## COUNTS FOUR, FIVE, AND SIX

167.    All of the allegations in paragraph 167 constitute legal conclusions to which no substantive response is required.

168.    Dr. McLean denies the allegations in paragraph 168.

169.    Dr. McLean denies the allegations in paragraph 169.

170.    All of the allegations in paragraph 170 constitute opinions to which no substantive response is required.

171.    Dr. McLean denies the allegations in paragraph 171.

172.    Dr. McLean denies the allegations in paragraph 172.

173.    Dr. McLean denies the allegations in paragraph 173.

174.    All of the allegations in paragraph 174 constitute legal conclusions to which no substantive response is required.

175.    Dr. McLean admits the allegations in paragraph 175.

176.    Dr. McLean admits the allegations in paragraph 176.

177.    Dr. McLean denies the allegations in paragraph 177.

178.    Dr. McLean denies the allegations in paragraph 178.

179.    Dr. McLean denies the allegations in paragraph 179.

180.    All of the allegations in paragraph 180 constitute legal conclusions to which no substantive response is required.

**COUNT SEVEN**

181.    All of the allegations in paragraph 181 constitute legal conclusions to which no substantive response is required.

182.    All of the allegations in paragraph 182 constitute legal conclusions to which no substantive response is required.

183.    Dr. McLean denies that she ever failed to find records or failed to conduct a diligent search.  Dr. McLean denies knowledge or information sufficient to form a belief regarding the truth or falsity of the remaining allegations in paragraph 183.

184.    Dr. McLean denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in paragraph 184.

185.    Dr. McLean denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in paragraph 185.

186.    Dr. McLean denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in paragraph 186.

187.    Dr. McLean denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in paragraph 187.

188.    All of the allegations in paragraph 188 constitute legal conclusions to which no substantive response is required.

189.    Dr. McLean denies knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations in paragraph 189.

190.    All of the allegations in paragraph 190 constitute legal conclusions to which no substantive response is required.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim for relief.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff suffered no damages as a result of any of the actions alleged in the Complaint.

### THIRD AFFIRMATIVE DEFENSE

Qualified immunity bars Plaintiff's claims against Dr. McLean.

### FOURTH AFFIRMATIVE DEFENSE

The record of Plaintiff's suspension has been expunged, and thus her claims are moot.

### FIFTH AFFIRMATIVE DEFENSE

Dr. McLean is not subject to the Freedom of Information Law, which applies only to state agencies, and thus no action pursuant to FOIL can be asserted against her individually.

### SIXTH AFFIRMATIVE DEFENSE

Dr. McLean cannot be liable for the actions of any other Defendant.

## SEVENTH AFFIRMATIVE DEFENSE

Any actions Dr. McLean took that may have harmed Plaintiff were taken under duress, and thus liability against Dr. McLean cannot attach to such actions.

## EIGHTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff seeks relief from Dr. McLean in her official capacity, the Eleventh Amendment bars her claims.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's breach-of-contract claim is barred against Dr. McLean because Plaintiff is not in privity of contract with Dr. McLean.

## CROSS-CLAIM AGAINST DEFENDANT RUDOLPH CREW

## PRELIMINARY STATEMENT

1.     Defendant Dr. McLean asserts a cross-claim against Defendant Rudolph Crew for indemnification of any liability to Plaintiff she may incur as a result of the actions alleged in her Complaint, all of which Dr. McLean took at the behest of Dr. Crew, who is the president of Medgar Evers College and whose instructions she was required to follow.

## THE PARTIES TO THE CROSS-CLAIM

2.     Dr. McLean is the Interim Dean of Student Affairs at Medgar Evers College, which is part of the system of the City University of New York.

3.     Dr. Crew is the president of Medgar Evers College.

## THE FACTS

4.     On May 1, 2019, Dr. Crew informed Dr. McLean that he had had a telephone conversation the previous evening with Councilwoman Cumbo regarding Plaintiff's activities at

the meeting of Community Board 9 that had occurred that evening.  Dr. Crew was upset because he believed that Plaintiff had been rude and disrespectful to Councilwoman Cumbo.

5.     Later that day, in a telephone conversation that included Dr. McLean, Dr. Crew, Defendant Hardaway, and one nonparty, Dr. Crew expressed his desire to take action against Plaintiff for what he stated was her apparent violation of CUNY rules.

6.     Dr. McLean explained the options available to the school to punish Plaintiff for her actions.  An immediate suspension was one such option; other options that would have been less harsh were also available.  Dr. McLean preferred one of the less harsh options.

7.     Dr. Crew made clear that less harsh options were not acceptable to him.  He stated that if Plaintiff were not suspended, then she would effectively be able to elude punishment for her actions, which Dr. Crew believed she deserved.

8.     Dr. McLean did not want to suspend Plaintiff, but she had no choice but to do so because of what Dr. Crew had told her.

9.     In accordance with Section 15.4(j) of the CUNY bylaws, Dr. McLean is Dr. Crew's designee to suspend a student when such suspension is imposed.

10.     In accordance with Dr. Crew's instruction, Dr. McLean sent Plaintiff an email informing her of her suspension on May 1, 2019.

11.     In a subsequent conversation, in which they discussed whether to move forward with charges against Plaintiff, Dr. Crew explicitly instructed Dr. McLean to do so.

12.     On May 3, 2019, Dr. McLean formally charged Plaintiff with several violations of school rules.  Sending notice of such charges is part of Dr. McLean's duties as Dean of Student Affairs.

13.     Also on May 3, 2019, Johnathon Hardaway sent an email to Dr. McLean, stating, "Please see a **recommended** email attached" (emphasis in original).  Hardaway had previously informed Dr. McLean that when email text is in bold and underlined, that means that the instruction comes from Dr. Crew.  As such, because the word "recommended" was in bold and underlined, Dr. McLean understood that Dr. Crew was instructing her to send this email.  In accordance with that direction, Dr. McLean sent that email to Monica Abend, Chief of Staff to Councilmember Cumbo precisely as sent to her.  This email has been quoted in paragraph 135 of the Complaint.

14.     On May 12, 2019, Dr. McLean received a draft affidavit from Defendant Hardaway.  In the email, Mr. Hardaway had put instructions underlined and in bold, which, as noted above, meant that the instruction was coming from Dr. Crew.  Thus, Dr. McLean understood Mr. Hardaway's email to mean that Dr. Crew expected her to sign the affidavit.

15.     Dr. McLean edited the affidavit to ensure that everything in the affidavit was true, and everything in the final affidavit that she signed on May 20 was true.

16.     Dr. McLean subsequently learned that Plaintiff had been found "not responsible" for the charges against her.

17.     In accordance with CUNY policy, upon the finding of "not responsible," Plaintiff's suspension was expunged from her student record.

### COUNT ONE – INDEMNIFICATION

18.     Dr. McLean repeats paragraph 1 through 17 as if fully set forth herein.

19.     All of the actions taken by Dr. McLean for which Plaintiff asserts liability were taken at the behest of Dr. Crew.

20.     As a subordinate to Dr. Crew, Dr. McLean had no choice but to follow Dr. Crew's instructions, lest she risk termination.

21.     As the person who directed all of Dr. McLean's allegedly wrongful actions, Dr. Crew would be liable to Dr. McLean for indemnification for any liability found against Dr. McLean.

## COUNT TWO -- CONTRIBUTION

22.     Dr. McLean repeats paragraphs 1 through 21 as if fully set forth herein.

23.     All of the actions taken by Dr. McLean for which Plaintiff asserts liability were taken at the behest of Dr. Crew.

24.     As a subordinate to Dr. Crew, Dr. McLean had no choice but to follow Dr. Crew's instructions, lest she risk termination.

25.     Even if Dr. McLean had had a choice, Dr. Crew's encouragement of Dr. McLean's actions should render him equally liable to Plaintiff if Dr. McLean is so found.

26.     Dr. Crew would thus be liable to Dr. McLean for contribution for any liability found against Dr. McLean.

WHEREFORE, Dr. McLean requests the following:

A.       Dismissal of any and all claims against Dr. McLean

B.       Failing dismissal of claims against Dr. McLean, and in the event of any judgment

against Dr. McLean, a judgment of liability against Dr. Crew for indemnification or contribution.

C.       Such further relief as the Court may deem just and proper.


Dated: December 1, 2020
        New York, New York

                        Respectfully submitted,

                        /s/ Joshua Pepper                           _
                        Joshua Pepper
                        30 Wall Street, 8th floor
                        New York, New York 10005
                        212-804-5768
                        jpepper@jpepperesq.com